```
             DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>            Plaintiff,       )<br>                             )<br>       v.                    )     Criminal No. 2015-22<br>                             )<br>DWAYNE FAHIE                 )<br>                             )<br>            Defendants.      )<br>_____)| |

**Attorneys:**

**Ronald Sharpe, United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the plaintiff,*

**Omodare B. Jupiter, Federal Public Defender**
**Gabriel J. Villegas, AFPD**
Federal Public Defender's Office
St. Thomas, VI
    *For the defendant Dwayne Fahie.*

## ORDER

Before the Court is the motion of defendant Dwayne Fahie ("Fahie") to dismiss Counts Two and Three of the Indictment in this matter pursuant to the Speedy Trial Act. The United States opposes the motion.

The Court writes for the parties, who are familiar with the facts of this case. As such it will only recite those facts necessary to its analysis. On April 24, 2015, Fahie was arrested by officers of the Virgin Islands Police Department ("VIPD") for unlicensed possession of a loaded firearm. Approximately twenty-

Case: 3:15-cr-00022-CVG-RM   Document #: 34   Filed: 08/18/15   Page 2 of 3

*United States v. Fahie*
Crim. No. 2015-22
Order
Page 2

eight (28) later, on May 22, 2015, the United States filed an Information charging Fahie with: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); (2) possession of an unlicensed firearm while previously convicted of reckless endangerment in the first degree, in violation of V.I. CODE ANN. tit. 14, § 2253; and (3) possession of an unlicensed firearm in violation of V.I. CODE ANN. tit. 14, § 2253. The Information was docketed as criminal case number 2015-19.

On June 4, 2015, the Grand Jury returned an Indictment charging Fahie with: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); (2) possession of an unlicensed firearm while previously convicted of reckless endangerment in the first degree, in violation of V.I. CODE ANN. tit. 14, § 2253; and (3) possession of an unlicensed firearm in violation of V.I. CODE ANN. tit. 14, § 2253. The Indictment was docketed as criminal case number 2015-22.

The Speedy Trial Act, 18 U.S.C. § 3161, requires that "[a]ny *information* or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b)(emphasis supplied). Fahie argues that, because he was

*United States v. Fahie*
Crim. No. 2015-22
Order
Page 3

arrested on April 24, 2015, and was not indicted until June 4, 2015, he was not charged within thirty days of his arrest on the local charges. In his motion, Fahie relies on *United States v. McIntosh*, 229 F. Supp. 2d 431 (D.V.I. 2002).

Fahie's reliance on *McIntosh* is misplaced. In *McIntosh*, no federal charging instrument was filed within thirty days of the defendant's arrest. *See McIntosh*, 229 F. Supp. 2d at 433. Here, consistent with the Speedy Trial Act, the United States filed a charging document, an information,[1] within thirty days of Fahie's arrest.

The premises considered, it is hereby

**ORDERED** that Fahie's motion to dismiss is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**

---

[1] An information is a charging document. *See, e.g.*, *United States v. Jones*, 552 F. App'x 185, 186 (3d Cir. 2014)("The Government responded by producing a copy of the charging document (the 'Information') from Jones's simple assault case.")